UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NIKOLAOS C. PANTAZE, an individual, individually and on behalf of those similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV- |
| EQUIFAX INFORMATION SERVICES, LLC, a foreign limited liability company, | ) ) ) ) | **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, **NIKOLAOS C. PANTAZE**, individually and on behalf of all those similarly situated, and for his Complaint alleges and state as follows:

### INTRODUCTION

1. This lawsuit stems from the data breach of Equifax Information Services, LLC ("Equifax").

2. Between May 2017 and August 2017, sensitive financial and personal data of up to 143 Million consumers was compromised as a result of Equifax's failure to adequately secure the consumers' personal and

private consumer data and information, including payment information on its systems.

3. Equifax's security protocols were so deficient that the breach was not immediately stemmed.

4. The consumers - affected class members - have suffered substantial losses as a result of Equifax's failure to adequately protect its sensitive payment data. This includes, but is not limited to, sums associated with notifying customers of the data breach, reissuing debit and credit cards, reimbursing customers for fraudulent transactions, monitoring customer accounts to prevent fraudulent charges, addressing customer confusion and complaints, changing or canceling accounts, and the decrease or suspension of their customers' use of affected cards.

5. Plaintiff seeks to recover damages and equitable relief on behalf of himself and all other similarly situated consumers.

## PARTIES, JURISDICTION, AND VENUE & CLASS ALLEGATIONS

6. Plaintiff **NIKOLAOS C. PANTAZE** ("Pantaze") is over the age of nineteen (19) and a resident of Jefferson County, Alabama.

7. Defendant **EQUIFAX INFORMATION SERVICES, LLC** is a foreign limited liability company that engages in the business of

maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Georgia and it was formed in Georgia. Equifax is a resident and citizen of Georgia.

8. Jurisdiction is conferred on this Court by 18 U.S.C. § 1964(a) and (c) and 28 U.S.C. § 1331, as these matters arise under the laws of the United States of America. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims of Plaintiffs and Class Members occurred here, and is proper pursuant to 18 U.S.C. § 1965(a) because the Defendant transacted its affairs here. Defendant does substantial business in the State of Alabama, and within this District, are registered to and are doing business within this State, and otherwise maintain requisite minimum contacts with this State and this District. Defendant is therefore subject to *in personam* jurisdiction in this District, and venue is proper because

Defendant's actions have affected numerous members in this judicial district.

10. This Court has also jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (1) the Class consists of more than 100 members; (2) the amount at issue is more than $5 million exclusive of interest and costs; and (3) minimal diversity exists as at least one plaintiff is a citizen of a different state than Defendant.

11. Equifax intentionally avails itself of this jurisdiction by marketing and selling products to millions of consumers nationwide (including in Alabama).

12. Pursuant to Rules 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs seek certification of the following class:

   a. **All individuals in the United States, including Alabama, whose data was breached between May 2017 and August 2017 and whose personal and private consumer information was compromised.**

   b. **All individuals in the United States, including Alabama, whose data was breached between May 2017**

  **and August 2017 and whose credit/debit/financial information was compromised.**

 c. Excluded from the Class(es) are the following individuals and/or entities:

  i. Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;

  ii. Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;

  iii. Individual, if any, who have previously settled or compromised claim(s) as identified herein for the Class; and

  iv. Any currently sitting Federal Judge and/or person within the third degree of consanguinity to any Federal Judge.

13. This action should be certified as a class action because:

 a. Questions of law or fact are common to the Class and affect a large Class of individuals;

 b. Plaintiff is a member of the Class and his claim is typical of the Class;

c. The Class consists of a sufficiently large group of individuals, believed to exceed a thousand members and is so large that it is impractical to join all members of the Class before the Court as individual Plaintiffs. The identity of Class Members is readily ascertainable through Defendant's own documents;

d. Named Plaintiff will fairly and adequately represent the claims of the Class, and protect the interests of the Class, without exercising personal interests or otherwise acting in a manner inconsistent with the best interests of the Class;

e. Named Plaintiff has retained attorneys experienced in class action litigation who will responsibly and vigorously advocate on behalf of the Class as a whole;

f. Common questions of law or fact predominate over those questions affect only individual members of the Class;

g. A class action is superior to other methods of adjudication and specifically designed to result in the fair, uniform, and efficient adjudication of the underlying claims. This class action will facilitate judicial economy and preclude the undue financial, administrative, and procedural burdens that would necessarily result from a multiplicity of individual actions;

    h. Without Class certification, the prosecution of separate actions by individual Class Members would be impracticable and financially difficult, and create a risk of repetitive, inconsistent, and varying adjudications. this would have the effect of establishing incompatible standards of conduct, discouraging the prosecution of meritorious but small claims, and/or result in adjudications that would be dispositive of the interests of other Class Members not parties to the adjudication, or otherwise substantially impair the ability of Class Members to protect their rights and interests; and

    i. Defendant has acted and/or refused to act on grounds generally applicable to the Class, thereby making the award of damages, equitable relief, and/or restitution appropriate to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Equifax is a Consumer Reporting Agency as contemplated by the Fair Credit Reporting Act ("FCRA") and maintains consumer files that contain a variety of information on millions of consumers.

15. Equifax is one of three major credit reporting agencies charged with maintaining and protecting consumer files on those millions of consumers.

16. Between May 2017 and August 2017, as a result of inadequate security measures, up to 143 million consumers personal consumer accounts that were maintained by Equifax were breached.

17. Equifax has a statutory and common law obligation to prevent the precise type of data breach that occurred.

18. Despite this obligation, Equifax failed to detect the breach and allowed the breach to continue unabated between May 2017 and August 2017.

19. Equifax failed to take adequate and reasonable measures to ensure its data systems were protected, ignored clear warnings that intruders had breached its systems, and failed to take actions that could have thwarted the breach.

20. Because of Equifax's numerous and preventable failures, Plaintiffs and the Class have suffered millions of dollars in damages.

21. Through its actions and inaction, Equifax has violated statutory and common laws designed to prevent such disasters, and those violations have caused Plaintiffs and the Class to suffer substantial damages.

22. Equifax is obligated to Protect Cardholder Data, including the following:

   a. Protect stored cardholder data
   b. Encrypt transmission of cardholder data and sensitive information across public networks
   c. Maintain a Vulnerability Management Program
   d. Use and regularly update anti-virus software or programs
   e. Develop and maintain secure systems and applications
   f. Implement Strong Access Control Measures
   g. Restrict access to cardholder data by business need-to-know
   h. Restrict physical access to cardholder data
   i. Regularly Monitor and Test Networks
   j. Track and monitor all access to network resources and consumer data
   k. Regularly test security systems and processes
   l. Maintain an Information Security Policy
   m. Maintain a policy that addresses information security for all personnel

23. Equifax was subject to state and federal legislation that was designed to ensure that it is vigilant in its efforts to prevent the type of data breach that occurred

24. Despite this, Equifax's treatment of the sensitive personal and financial information entrusted to it by its customers and Plaintiffs fell woefully short of its legal duties and obligations. Equifax failed to ensure that access to its data systems was reasonably guarded, and failed to acknowledge numerous warning signs and properly utilize its own security systems that were put in place to detect and deter this exact type of attack.

## COUNT ONE
## (VIOLATIONS OF FAIR CREDIT REPORTING ACT)

25. Plaintiffs adopt and incorporate by reference all preceding paragraphs as if set forth fully herein.

26. Plaintiffs bring this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* and for willful and malicious violations as set out above. Plaintiffs seek actual damages, punitive damages, costs, and attorney's fees.

27. Defendant is a consumer reporting agency as contemplated by the FCRA.

28. The Defendant has violated the Fair Credit Reporting Act by allowing and failing to prevent a massive data breach that has impacted over a million consumers.

29. The Defendant also breached the FCRA by allowing the breach to continue unabated for several months.

30. Plaintiffs creditworthiness has been repeatedly compromised by the acts, and failure to act by Equifax.

31. Defendant's failure to properly protect the Plaintiffs' personal and private information from being breached is a violation of FCRA.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays this Court grant the following relief as against Defendant:

   a. Actual damages in an amount to be determined by a jury;
   b. Punitive damages in amount to be determined by a jury;
   c. Attorney's fees;
   d. Expenses; and
   e. Costs.

### COUNT TWO
### (NEGLIGENCE, WANTONNESS, AND/OR RECKLESS CONDUCT)

32. Plaintiffs adopt and incorporate by reference all preceding paragraphs as if set forth fully herein.

33. Defendant owed Plaintiff and Class Members a duty not to be wanton, negligent, and/or reckless in their conduct toward Plaintiff and Class Members, including but not limited to the following conduct: (1) allowing security breaches into consumers accounts or access to that information, (2) failing to prevent data breaches of consumer information, and (3) allowing the breaches to continue unabated for several months, knowing that Plaintiff and Class Members would be harmed by these actions and failure to act.

34. Defendant breached its duty. Defendant was willful, wanton, negligent, and/or reckless in the security and protection of Plaintiff's and Class Members' personal and identifying information regarding Plaintiff and Class Members.

35. Defendant was negligent, wanton, and/or reckless in its conduct regarding Plaintiff and Class Members in that Defendant caused damages to Plaintiff and Class Members.

36. Defendant also knew or should have known that Plaintiff and Class Members would foreseeably suffer injury as a result Defendant's negligent, wanton, and/or reckless conduct and actions alleged herein.

37. As a direct and proximate result of the negligent, wanton, and/or reckless conduct and actions of Defendant, Plaintiff and Class Members suffered pecuniary loss, incidental and consequential damages, as well as severe mental anguish and emotional distress.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays this Court grant the following relief as against Defendant:

   a. Actual damages in an amount to be determined by a jury;
   b. Punitive damages in amount to be determined by a jury;
   c. Attorney's fees;
   d. Expenses; and
   e. Costs.

## COUNT THREE
## (INVASION OF PRIVACY)

38. Plaintiffs adopt and incorporate by reference all preceding paragraphs as if set forth fully herein.

39. The Defendant intentionally violated, and allowed others to violate, the Plaintiffs' privacy.

40. The Defendant intentionally invaded, and allowed others to invade, the Plaintiffs' privacy.

41. The intrusion violates common decency.

42. The Defendant publicized this intrusion and that publication violates and violated ordinary decency.

43. The Plaintiffs have sustained extensive damages including, but not limited to, *inter alia*, damage to reputation, obloquy, public humiliation, shame, embarrassment, contempt, ridicule, aversion, degradation, and disgrace.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendant for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, expenses, and attorney's fees.

## COUNT FOUR
### (NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS)

44. Plaintiffs adopt and incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

45. Defendant's agents or employees failed to ensure that the Plaintiffs personal and private information is secure.

46. Defendant is aware of the wrongful conduct of its employees or agents.

47. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed violate the law as was done to Plaintiff.

48. Defendant is vicariously responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

**WHEREFORE**, **PREMISES CONSIDERED,** Plaintiffs pray that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, including attorney's fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY ON ALL CLAIMS RAISED HEREIN, INCLUDING CLASS CLAIMS**

**DATED: September 8, 2017.**

| | |
|---|---|
| */s/ Jason L. Yearout* | */s/ M. Stan Herring* |
| Jason L. Yearout (ASB-4487-T80J) | M. Stan Herring (HER037) |
| Attorney for Plaintiff | Attorneys for Plaintiff |
| **YEAROUT & TRAYLOR, PC** | **Watts & Herring, LLC** |
| 3300 Cahaba Road, Suite 300 | 301 19th Street North |
| Birmingham, Alabama 35223 | Birmingham, Alabama 35203 |
| t. 205.414.8169 (dir) | (205) 879-2447 |
| f. 205.795.7169 (dir) | john@wattsherring.com |
| e. *jyearout@yearout.net* | stan@wattsherring.com |
| *www.yearout.net* | |

*/s/ Robert S. Dooley*
Robert S. Dooley (ASB-6194-R70D)
Attorney for Plaintiff
**Stone, Patton, Kierce & Freeman**
118 North 18th Street
Bessemer, Alabama 35020
t: 205.424.1150
e: robert@stonepatton.com

**Plaintiffs Will Request Service by U.S. Certified Mail**

    **Equifax Information Services, LLC**
    c/o CSC Lawyers Incorporating SVC, Inc.
    150 S. Perry Street
    Montgomery, Alabama 36104